# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**ANGEL M. MORALESMELENDEZ**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201500146**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 8 January 2015.
**Military Judge**: Col D.J. Daugherty, USMC.
**Convening Authority**: Commanding General, 1st MAW, Okinawa, Japan.
**Staff Judge Advocate's Recommendation**: Maj J.M. Hackel, USMC.
**For Appellant**: CDR Sabatino F. Leo.
**For Appellee**: CAPT Dale O. Harris, JAGC, USN; LT James M. Belforti, JAGC, USN.

**19 November 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of attempting to receive child pornography, committing indecent exposure, and communicating indecent language in violation of Articles 80, 120c, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920c, and 934. The military judge sentenced the appellant to confinement for 24 months, reduction to pay grade

E-1, and a bad-conduct discharge.  Pursuant to a pretrial agreement (PTA), the convening authority (CA) waived imposition of automatic forfeitures[1] for a period of six months from the date of his action, provided that the appellant establish and maintain a dependent's allotment.[2]

The appellant asserts a single assignment of error:  that he was denied the benefit of his bargain, through no fault of his own, when the Government was unable to remit payment of the waived forfeitures, as required by the PTA, due to his wife's "noncooperation."[3]  The appellant has provided no evidence in support of his brief.

After carefully considering the record of trial and the submissions of the parties, we find the findings and sentence are correct in law and fact, and we find no error materially prejudicial to the substantial rights of the appellant.  Arts. 59(a) and 66(c), UCMJ.

## Background

In October 2014, the Government preferred six specifications related to the appellant's online conduct with someone he believed to be younger than 16.  The appellant unconditionally waived his Article 32, UCMJ, investigation and negotiated a PTA with the CA in which he agreed to plead guilty to the three charges with one specification under each.  In return, the CA agreed to withdraw and dismiss the remaining specifications, to suspend all confinement in excess of 24 months, to suspend any fine or adjudged forfeitures, and to defer and then waive imposition of automatic forfeitures, provided that the appellant established and maintained a dependent's allotment for his wife.[4]

---

[1] Automatic forfeitures were deferred pending the CA's action.

[2] As a matter of clemency, the CA also suspended all confinement in excess of 18 months for a period ending six months from the appellant's release from confinement.

[3] Appellant's Brief of 30 Jul 2015 at 1.  This alleged error is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] The provision regarding automatic forfeitures reads as follows: "All automatic forfeitures will be deferred provided that the accused establishes and maintains a dependent's allotment in the total amount of the deferred forfeiture amount during the entire period of deferment. This Agreement constitutes the appellant's request for, and the Convening Authority's approval of, deferment of all automatic forfeitures per month pursuant to Article 58b(a)(1), UCMJ.  The period of deferment will run from

Following announcement of sentence, the military judge conducted his inquiry under RULE FOR COURTS-MARTIAL 910(h)(3), MANUAL FOR COURT-MARTIAL, UNITED STATES (2012 ed.) to ascertain whether the appellant understood the meaning and effect of the PTA. With regard to the automatic forfeiture provision, the military judge asked whether the appellant understood that any waiver of automatic forfeitures was dependent upon the appellant establishing an allotment for his wife. The appellant indicated that he understood.

On 3 April 2015, the staff judge advocate (SJA) submitted his SJA Recommendation (SJAR) to the CA. In the SJAR, the SJA specifically concluded that the appellant had "complied with the terms of the [pretrial] agreement and is entitled to the agreed upon benefit. Accordingly, [the CA was] required to waive all automatic forfeitures from the date of [his] action for six months. The waived forfeitures shall be paid to [Mrs. KM], the wife and dependent of the [appellant]."[5] On 14 April 2015, the CA took his action, indicating that imposition of automatic forfeitures had been deferred to that point. Additionally, the CA waived automatic forfeitures for a period of six months, "provided the [appellant] creates and maintains an allotment in the amount of the waived forfeitures, during the period of waiver, to [Mrs. KM], who is the wife and dependent of the [appellant]."[6]

The appellant did not establish the required allotment, and, therefore, no automatic forfeitures were waived. The record is silent regarding what efforts the appellant made, or what part his wife's noncooperation played in the matter. There is no allegation that the Government was in any way responsible for the appellant's failure to establish an allotment.

---

the date automatic forfeitures would otherwise become effective under Article 58b(a)(1), UCMJ, until the date the Convening Authority acts on the Sentence. Further, this Agreement constitutes the accused's request for, and the Convening Authority's approval of, waiver of all automatic forfeitures. The period of waiver will run from the date the Convening Authority takes action on the sentence for six months. The deferred and waived forfeitures shall be paid to [Mrs. KM], who is the wife and dependent of the accused." Appellate Exhibit II at 2.

[5] SJAR at 1.

[6] CA's Action at 3.

3

## Discussion

Interpretation of the "meaning and effect of a pretrial agreement . . . is a question of law, subject to review under a *de novo* standard." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citation omitted). Although a PTA is a contract between an accused and the CA, "contract law principles are outweighed by the Constitution's Due Process Clause protections." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (quoting *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999)). When an appellant pleads guilty pursuant to a PTA, the voluntariness of his plea hinges upon the Government's performance of those promises made in order to secure the plea of guilty from the appellant. *See United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003). "Whether the government has complied with the material terms and conditions of an agreement presents a mixed question of law and fact." *Lundy*, 63 M.J. at 301 (citations omitted). The appellant bears the burden of establishing that a term or condition of the pretrial agreement was material to his decision to plead guilty, that the Government failed to comply with that term or condition, and therefore that his plea was improvident. *Id*. at 302. To assure that an appellant who has waived "bedrock constitutional rights and privileges," *United States v. Soto*, 69 M.J. 304, 306 (C.A.A.F. 2011), receives the benefit of his bargain, we look beyond the terms of the PTA itself and consider "the accused's understanding of the terms of an agreement as reflected in the record as a whole." *Lundy*, 63 M.J. at 301.

Here, there is no question that the appellant understood the PTA's terms, including the fact that the waiver of automatic forfeitures would only occur if he established an allotment for his wife. The record indicates the CA performed his obligations under the PTA—that is, ordering waiver of automatic forfeitures *provided the appellant established an allotment for his wife*. The appellant has not shown what steps he took to set up such an allotment. Nor has he demonstrated that he was somehow prevented from doing so by the Government. Instead, he offers only a bald assertion that he was denied the benefit of his bargain. Given this lack of factual support, we find no error.

4

## Conclusion

The findings and the sentence as approved by the CA are approved.

For the Court

R.H. TROIDL
Clerk of Court